UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>BILLIE GIBSON,<br><br>    Defendant. | Case No. 24-cv-00588 EJD (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, who is currently detained at Monterey County Jail, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Billie Gibson. Dkt. No. 1. The Court dismissed the complaint with leave to amend to correct the deficiencies in the pleading. Dkt. No. 5. Plaintiff filed an amended complaint. Dkt. No. 7.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

1  violated, and (2) that the alleged violation was committed by a person acting under the
2  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

3  **B.     Plaintiff's Claims**

4  In the original complaint, Plaintiff alleged that "defendant [Billie Gibson]
5  prosecuted deficient evidence" and "illegal search and seizure [of] mail." Dkt. No. 1 at 4.
6  He also alleged defendant "submitted a very excessive sentencing offer considered grossly
7  out of proportionate to the severity of no crime [*sic*]," which involved a "ten year deal with
8  a bail set at sixty thousand dollars." Id.  It appeared that Defendant Gibson was the
9  prosecuting attorney in a state criminal action against Plaintiff. Dkt. No. 5 at 2.  The Court
10 advised Plaintiff that a state prosecuting attorney enjoys absolute immunity from liability
11 under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he
12 acts within his role as an "advocate for the State" and his actions are "intimately associated
13 with the judicial phase of the criminal process." Id., citing Imbler v. Pachtman, 424 U.S.
14 409, 430-31 (1976).  Accordingly, Plaintiff was advised that any claim against Defendant
15 Gibson for her acts as an "advocate for the State" must be dismissed for failure to state a
16 claim for relief. Id.

17 The amended complaint again contains allegations against Defendant Gibson for
18 her conduct in connection with state criminal proceedings. Dkt. No. 7 at 2-3.  Plaintiff
19 claims Defendant should have recused herself from prosecuting him and challenges her
20 conduct in the criminal proceedings during which Plaintiff was representing himself. Id. at
21 3.  The challenged conduct includes the offer of a plea deal and the calling of witnesses
22 during a suppression hearing. Id. at 3.  However, such conduct was clearly within
23 Defendant's role as an "advocate for the State" in pursuing a criminal prosecution against
24 Plaintiff, which entitles Defendant to absolute immunity from liability under § 1983.

25 Because Plaintiff was already afforded an opportunity to amend, the Court finds no
26 good cause to grant him another opportunity to amend to attempt to state a cognizable
27 claim. Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003) (district court's
28 discretion to deny leave to amend particularly broad where plaintiff has previously filed an

1   amended complaint); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

2   Accordingly, this action must be dismissed for failure to state a claim for relief.

### CONCLUSION

For the foregoing reasons, the action is **DISMISSED** for failure to state a claim for relief. The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: July 17, 2024

EDWARD J. DAVILA
United States District Judge